BONWIT, TELLER & CO. v. MACKSOUD et al.

(Supreme Court, Appellate Term. May 24, 1910.)

TRIAL (§ 162*)—TIME—DISMISSAL.

    Plaintiff alleged and attempted to prove a cause of action on an account stated, but the court sustained objections to nearly all the questions propounded by plaintiff's attorney. The court directed plaintiff's counsel to proceed, and on his remaining silent for a perceptible period of time the defendant's counsel, before plaintiff had rested, moved to dismiss on the ground that plaintiff's counsel would not proceed and for want of proof, which motions were granted. Held, that plaintiff was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled to present all his evidence before the court ruled on its sufficiency, and that the court erred in dismissing the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 370; Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Bonwit, Teller & Co. against Elias Macksoud and another. From a Municipal Court judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Charles La Rue, for appellants.

Dennis & Buhler (Joseph S. Buhler, of counsel), for respondents.

SEABURY, J. The plaintiffs alleged and attempted to prove a cause of action founded upon an account stated. The court sustained objections to nearly all the questions propounded by the plaintiffs' attorney. Counsel could not prove his whole case in a single question, and he should have been given a fair opportunity to present his evidence. The record does not disclose fully what occurred in the court below, because the justice directed the stenographer not to place the colloquy which took place upon the record. The court directed the counsel for the plaintiffs to proceed with his case. Defendants' counsel then moved to dismiss the cause, on the ground that the plaintiffs' counsel would not proceed. The court granted this motion, and the plaintiffs excepted. Defendants' counsel then moved to dismiss, "on the ground that the plaintiffs have not proven facts sufficient to constitute a cause of action." This motion was also granted, and the plaintiffs excepted.

The plaintiffs seem to have been prevented from presenting their proof, and to have had their complaint dismissed because of an alleged failure of proof. The motion to dismiss was made before the plaintiffs had rested their case. How long a time intervened between the direction of the court to the plaintiffs' counsel and the motion to dismiss upon the ground that the plaintiffs would not proceed does not appear from the record. The respondents in their brief, in attempting to justify the action taken, assert that the plaintiffs' counsel "remained silent for a perceptible period of time." Even a lawyer may do this without having his case dismissed on this account. The plaintiffs were entitled to present all of their evidence before the court ruled on its sufficiency. This case seems to exemplify the truth of the aphorism of Fuller that "he that proceeds on half evidence will not do quarter justice."

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes